___ FILED ___ ENTERED
___ LODGED ___ RECEIVED

OCT 09 2007

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
              DEPUTY

06-CV-00459-AF

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT WARD GARRISON,

   Petitioner,

v.

DOUGLAS WADDINGTON,

   Respondent.

C06-459Z

ORDER

THIS MATTER comes before the Court on Robert Ward Garrison's Petition for Writ of Habeas Corpus and related motions. The Court, having reviewed the petition and answer thereto, the Report and Recommendation of the Honorable Monica J. Benton, United States Magistrate Judge, the objections and supplemental objections thereto, the response to objections and reply thereto, and the remaining record, does hereby FIND and ORDER:

(1) The Court ADOPTS IN PART and MODIFIES IN PART the Report and Recommendation, docket no. 67; and

(2) The Court DENIES the Petition for Writ of Habeas Corpus, docket no. 13, STRIKES as moot all related motions, including docket nos. 62 and 63, and DISMISSES this matter with prejudice.

ORDER 1–

**Factual and Procedural History**

The Court adopts the recitation of facts in the Report and Recommendation, with the following modifications. Petitioner is currently incarcerated at the Stafford Creek Corrections Center in Aberdeen, Washington, and not at the Washington State Penitentiary in Walla Walla, Washington. Petitioner's first federal habeas petition was filed in May, not June, 2002. *See* Respondent's Ex. 34 (docket no. 49). Petitioner's motion requesting "initial consideration" of his motion to vacate judgment was transferred by the King County Superior Court to the Washington State Court of Appeals, as a personal restraint petition, on August 25, 2004, and not on August 25, 2005. *See* Respondent's Ex. 42 (docket no. 49). Petitioner's current federal habeas petition was received by the Court on March 31, 2006; it was docketed, as opposed to "filed," on April 17, 2006, after petitioner's application to proceed In Forma Pauperis was granted. *See* Attachment (docket no. 1); Order (docket no. 12); Petition (docket no. 13).

**Discussion**

The Court adopts the analysis of the Report and Recommendation, with the following modifications. The Court is not persuaded that petitioner's second ground for relief is time-barred. Petitioner contends that his motion to vacate judgment, which was mailed to the King County Superior Court Clerk on May 18, 1999, tolled the Statute of Limitations from the date of mailing until March 29, 2005, when the Washington Supreme Court denied his motion to modify the Commissioner's related ruling. Although petitioner received a letter in August 1999, indicating that, due to his then pending appeal, the Superior Court lacked jurisdiction to consider his motion to vacate judgment, Attachment 6 to Respondent's Ex. 41 (docket no. 49), the Court is reluctant to hold that such letter was a "final judgment" for purposes of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

Pursuant to Washington's Criminal Rule 7.8(c)(2), which was in effect at the time, the Superior Court could (and perhaps should) have transferred petitioner's motion to vacate

ORDER 2–

1  judgment to the Court of Appeals as a personal restraint petition in 1999. Instead, the
2  Superior Court took no action until August 2004. Respondent focuses on the absence of a
3  docket entry, indicating that the motion to vacate judgment was never "filed." The Court,
4  however, declines to impute to petitioner the Superior Court Clerk's or Judge's decision not
5  to place petitioner's motion to vacate judgment in the official court file.

6  Thus, the Court concludes that the merits of petitioner's second ground for habeas
7  relief must be addressed. With regard to the merits, however, the Court denies the petition
8  for writ of habeas corpus for the reasons stated by Washington Supreme Court Commissioner
9  Crooks in denying discretionary review as to the same claim. *See* Respondent's Ex. 52
10 (docket no. 49). Petitioner's voluminous submittals do not support any conclusion other than
11 the statements at issue were voluntarily made. The decisions of the state courts were
12 reasonable in light of the evidence and consistent with established federal law. 28 U.S.C. §
13 2254(d).

14 The Clerk is directed to send a copy of this Order to petitioner, all counsel of record,
15 and the Honorable Monica J. Benton.

16 IT IS SO ORDERED.
17 Dated this 9th day of October, 2007.

THOMAS S. ZILLY
United States District Judge